## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**MOE'S FRANCHISOR LLC**,

      Plaintiff,

      v.

**TAYLOR INVESTMENT PARTNERS, II, LLC; TIP-II – ANSLEY, LLC; AND TIP II – SUBURBAN, LLC**,

      Defendants.

Case No.: 1:15-cv-03504-MHC

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1)

Defendants Taylor Investment Partners, II, LLC, TIP-II – Ansley, LLC, and TIP II – Suburban, LLC (collectively "Defendants") respectfully move to dismiss Plaintiff Moe's Franchisor LLC's ("Moe's") Complaint (Dkt. No. 1) with prejudice under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under controlling Eleventh Circuit precedent, there is no federal subject matter jurisdiction over Moe's state-law contract claims.

## I.      INTRODUCTION

"If at first you don't succeed, try, try again."   Thomas H. Palmer, Teacher's Manual (1840).  This ancient aphorism summarizes Moe's overall strategy to end its relationship with Defendants.  Indeed, this case is the latest saga in a dispute that dates back to 2012, when Moe's alleged that Defendants failed a surprise inspection (*albeit*, not failures related to any food, health, or safety code violation or failures to pay necessary franchise moneys, but rather petty failures related to things such as advertising and uniforms).  Following years of litigation and arbitration, the arbitrator found that the prior inspections were improper and that the findings were unfair, and ordered Moe's to conduct new inspections.  Less than a month following the arbitrator's decision, Moe's performed another (again, unannounced) inspection and not surprisingly, again calculated enough ticky-tack violations to attempt to terminate its relationship with Defendants (although the violations only related to one of the two stores).  Like before, these violations were not related to food, health, or safety.[1]

---

[1] For over ten years, Defendants' achieved passing to high passing scores for both of their franchise locations.  Moreover, their Health Department inspection scores over those same ten years averaged in the 90s on a 100-point scale.

Defendants subsequently filed a petition for bankruptcy protection.  In the bankruptcy proceeding, curiously, Moe's did not argue that the agreements were terminated.  Instead, they requested that the Bankruptcy Court appoint a trustee to sell the two franchise agreements to an interested buyer Moe's identified.  But the Bankruptcy Court did not grant Moe's request to sell the franchise agreements. And not long after filing the petition, Defendants fully paid their debts and moved to dismiss the bankruptcy altogether; the Bankruptcy Court granted Defendants' dismissal request.

In an about-face, Moe's latest position is that the franchise agreements were contractually terminated upon the filing of the bankruptcy petition.  Rather than return to state court or arbitration to resolve the issue, Moe's filed this complaint.

In its zeal to establish federal court jurisdiction here, Moe's artfully enhances its breach of contract claims with federal jurisdiction vocabulary, but without any substance to the asserted federal question.  And that is likely because there is no federal statute that gives rise to or is a necessary element of Moe's claims.  Nor is there any exclusive federal jurisdiction over the subject matter at issue.  Indeed, the franchise agreements that created the contractual obligations between the parties, by their own explicit terms, are governed by Georgia state law.

There is no bankruptcy here.  The application and interpretation of the Bankruptcy Code is irrelevant outside of a bankruptcy court proceeding.  In other words, how this franchise agreement would be evaluated by the Bankruptcy Court in a bankruptcy court proceeding applying relevant Bankruptcy Code is irrelevant in a court proceeding to interpret the contractual terms under Georgia law.

Even assuming, *arguendo*, that the facts alleged in the Complaint constitute a breach of the franchise agreement, Moe's cannot wrongfully overlook its contractual obligations to resolve this dispute in arbitration, or in the alternative, in State Court.  Accordingly, this Court lacks subject matter jurisdiction to adjudicate the action; it should be dismissed.

## II.    ARGUMENT

At its heart, this lawsuit is nothing more than a state-law claim for breach of a contract—the type of claim that should have been brought (if at all) in Georgia State Court.  Moe's claim that jurisdiction is proper in this Court rests entirely on its assertion of federal question jurisdiction in a non-diverse breach of contract case.  As such, Moe's bears the burden of establishing that this case is based upon "a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute."  *City of Huntsville v. City of Madison*, 24 F.3d 169, 171-72 (11th Cir. 1994) (citations omitted); *see also*

*Columbus Bank & Trust Co. v. CompuCredit Corp.*, No. 4:08-CV-78 (CDL), 2008 WL 4098950, at *2 (M.D. Ga. Sept. 3, 2008) (noting that "Plaintiff bears the burden of establishing federal jurisdiction").  It has failed to do so.  Consequently, the Court should dismiss Moe' Complaint under Rule 12(b)(1) for lack of federal subject matter jurisdiction.

### A.    Moe's does not plead a claim arising under federal law, and thus there is no federal jurisdiction.

Moe's claims for declaratory and injunctive relief do not arise under federal law; consequently, there is no federal subject matter jurisdiction in this case.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution . . . or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute."  *City of Huntsville*, 24 F.3d at 171-72 (citations omitted).  This case presents none of the above-listed jurisdictional hooks.

Of course, Moe's cleverly tries to give the impression that its claims sound in federal law—it cites Section 365(e)(2) of Title 11 of the United States Code (the "Bankruptcy Code"), and alleges that its "entitlement to relief requires the resolution of a dispute with Defendants regarding the application of [that code

section]." (Dkt. No. 1 at ¶ 1.) Despite its efforts to make this look like a federal case, however, Moe's does not identify any basis in the cited section of the Bankruptcy Code that creates a private right of action. Absent such a cause of action, there is no federal subject matter jurisdiction. *See City of Huntsville*, 24 F.3d at 171-72. Instead, Moe's contends that "federal question" jurisdiction exists because interpretation of Section 365(e)(2) of the Bankruptcy Code is central to the dispute between the parties. (*See* Dkt. No. 1 at ¶ 1.) Even if true, that, on its own, is not enough to confer federal question jurisdiction over Moe's complaint. *See City of Huntsville*, 24 F.3d at 174.

### B.   There is no federal question jurisdiction over this state-law claim for breach of contract.

 Because Moe's lawsuit has no basis in federal law, Moe's ultimately must rely on the Parties' Franchise Agreements as its only possible ground for its claim against Defendants. But there is no federal subject matter jurisdiction over a state-law contract claim such as this one—regardless of whether, as Moe's contends, its "entitlement to relief requires the resolution of a dispute with Defendants regarding the application of Section 365(e)(2) of the [Bankruptcy Code]." (Dkt. No. 1 at ¶ 1.)

It is clear from the face of the Complaint that Moe's is actually asserting a contract claim against Defendants. Indeed, the Complaint recognizes that the

Parties' relationship is governed by two Franchise Agreements.  (*See id.* at ¶¶ 8-9.)
Moe's even attaches those Agreements as exhibits to the Complaint.  *See id.*
Perhaps more importantly, Moe's acknowledges that the Franchise Agreements
themselves form the basis for the relief ultimately sought by the Complaint—a
declaration that the Franchise Agreements are terminated and an injunction
requiring Defendants to perform certain obligations under the Franchise
Agreements' termination provisions.  (*See id.* at ¶¶ 16, 28, 31.)

It is equally clear, then, that this state-law contract action, even if it might
involve the interpretation of the federal Bankruptcy Code, does not belong in
federal court.  In *City of Huntsville*, the Eleventh Circuit addressed this very
situation—where a party contends that a case belongs in federal court because its
breach of contract claim turns on the interpretation of federal law.  *See City of
Huntsville*, 24 F.3d at 173 ("To determine the propriety of Huntsville's actions,
therefore, either the federal district court or a state court must both interpret the
Huntsville-TVA contract and determine Congressional intent regarding TEP
distributions as embodied in § 13 of the TVA Act.").  In that case, the Court held
that the interpretation of federal law, even if "necessary to settle the state contract
claim between [the parties], is on its own not enough to confer federal question
jurisdiction."  *Id.* at 174.  It concluded that, when a case requires the court to

resolve federal-law issues in the context of a state-law contract claim, "the federal district court is not the proper court to undertake that task." *Id.* at 173.

The Middle District of Georgia also has recognized the principle that federal question jurisdiction does not exist merely because "federal law may provide an essential element of a state law claim or [] the interpretation of federal law is necessary to resolve the state law claim."[2] *Columbus Bank & Trust Co.*, 2008 WL 4098950 at *3. There, relying on the Eleventh Circuit's reasoning in *City of Huntsville*, the court dismissed the plaintiff's state-law contract claim, despite finding that "the resolution of an issue of federal law [was] essential to Plaintiff's [claim]." *Id.* at *2. The court explained that "[b]ased on *City of Huntsville*, federal jurisdiction cannot be found to exist for the present case simply because the

---

[2] Defendants acknowledge that, in at least one case, the Middle District of Georgia held that it could exercise subject matter jurisdiction over a state-law contract claim that involved "genuinely disputed and potentially dispositive issues of federal law." *Davis v. GMAC Mortg., LLC*, No. 4:11-CV-95 (CDL), 2012 WL 860389, at *6 (M.D. Ga. Mar. 13, 2012). That case, however, involved "a complex regulatory scheme that in part [was] designed to protect the federal government which [was] the ultimate guarantor of the contracts [at issue in the case]." *Id.* Unlike in *Davis*, the contracts at issue here—Franchise Agreements between private entities—do not impact or involve the interest of any federal agency.

interpretation of the FDIC regulations and related federal law may be essential to Plaintiff's state law breach of contract claim." *Id.* at *3.

*City of Huntsville* and *Columbus Bank & Trust Company*, while involving different federal statutes, are analogous to this case—that is, the resolution of Moe's state-law contract claims requires the interpretation of a federal statute. For the same reason the federal district courts lacked subject matter jurisdiction in those cases, the Court lacks subject matter jurisdiction here. Accordingly, Moe's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).

### C.   Because the Court lacks jurisdiction over Counts I and II of Moe's Complaint, it should dismiss Count III.

Because the Court lacks subject matter jurisdiction over—and thus should dismiss—Counts I and II of Moe's Complaint, the Court also should dismiss Count III of Moe's Complaint. Moe's contends that the Court has subject matter jurisdiction over Count III's state-law claims under 28 U.S.C. § 1367(a), because such jurisdiction is supplemental to the Court's purported federal question jurisdiction. (*See* Dkt. No. 1 at ¶ 1.) As explained above, however, the Court lacks "federal question" jurisdiction over Counts I and II. Accordingly, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

Section "1367(c) permits a court to dismiss any state law claims where the court has dismissed all the claims over which it had original jurisdiction . . . ."

*New England Co. v. Bank of Gwinnett County*, 891 F. Supp. 1569, 1577-78 (N.D. Ga. 1995).  When considering whether to dismiss remaining state-law claims under section 1367(c), the Court can consider "judicial economy, convenience, fairness, and comity . . . ."  *Id.* at 1578.

Here, the resolution of Moe's allegations in Count III depends on state law. And "[s]tate courts, not federal courts should be the final arbiters of state law."  *Id.* This is especially true if, as here, the Court dismisses the only claims that could possibly give rise to independent, federal subject matter jurisdiction (i.e., Counts I and II) early in a case's lifecycle.  *See id.* Accordingly, "judicial economy, fairness, and convenience dictate having" Count III's state-law claims decided by the state court.  *Id.*  Consequently, the Court should dismiss Count III of Moe's Complaint for lack of subject matter jurisdiction.

## II.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Moe's Complaint with prejudice.

Respectfully submitted this 6th day of June, 2016.

> */s/ Katrina M. Quicker*
> Katrina M. Quicker
> Ga. Bar No. 590859
> Jason P. Grier
> Ga. Bar No. 869343
> BAKER & HOSTETLER LLP
> 1170 Peachtree Street, NE, Suite 2400
> Atlanta, GA 30309-7676
> Telephone:   (404) 459-0050
> Facsimile:    (404) 459-5734
> kquicker@bakerlaw.com
> jgrier@bakerlaw.com
>
> *Counsel for Taylor Investment Partners, II, LLC, TIP-II – Ansley, LLC, and TIP II – Suburban, LLC*

11

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to L.R. 5.1C and 7.1D of the Northern District of Georgia, that the foregoing DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) complies with the font and point selections approved by the Court in L.R. 5.1C.  The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

*/s/ Katrina M. Quicker*
Katrina M. Quicker
Ga. Bar No. 590859
BAKER & HOSTETLER LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
Telephone:  (404) 459-0050
Facsimile:   (404) 459-5734
kquicker@bakerlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 6th day of June 2016, I have electronically filed the foregoing DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

*/s/ Katrina M. Quicker*
Katrina M. Quicker
Ga. Bar No. 590859
BAKER & HOSTETLER LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
Telephone:   (404) 459-0050
Facsimile:   (404) 459-5734
kquicker@bakerlaw.com